UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LADIES MEMORIAL ASSOCIATION,
INC., et al.,**

    **Plaintiff,**

v.                                                       **CASE NO. 3:20cv5681-MCR-EMT**

**CITY OF PENSACOLA, FLORIDA, et al.,**

    **Defendants.**

                                                  /

## ORDER

This matter is before the Court on an Emergency Motion for Order Restoring Injunction While Appeal is Pending, ECF No. 32. On consideration, the motion will be denied.

Plaintiffs Ladies Memorial Association, Inc. and others (collectively, "LMA") filed suit in state court to prevent the City of Pensacola, Florida, from removing or relocating a civil war monument, or confederate "cenotaph," from Florida Square near downtown Pensacola, following a City Council vote to relocate it. LMA also asserted claims against the Secretary of the State of Florida. The state court issued a Temporary Restraining Order ("TRO") against the City to prevent removal of the cenotaph, and the City promptly removed the case to federal court. LMA moved to remand, and the City moved to dismiss. The Court denied LMA's motion to remand,

ECF No. 21, and dismissed without prejudice its claims against the City, finding a lack of standing and/or failure to state a claim and that leave to amend would be futile, ECF No. 26.  As a consequence of the dismissal of all claims against the City, the Court also dissolved the TRO.  The Secretary of State has recently filed a motion to dismiss the claims against her, which remains pending.

On October 22, 2020, LMA filed a Notice of Appeal and simultaneously filed an "emergency" motion to restore the previously entered TRO during LMA's appeal, or for entry of an injunction pending appeal.  Plaintiffs assert that the Court has authority to restore the TRO or enter an injunction to maintain the status quo during the appeal and argue that this is necessary to prevent irreparable harm.  Rule 62 of the Federal Rules of Civil Procedure provides that during an appeal from an interlocutory order "that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(b); *see also* Fed. R. App. P. 8(a)(1)(C) (requiring a party to move in the district court for an injunction pending appeal).  In determining whether to grant an injunction pending appeal, the Court considers "(1) whether the [injunction] applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent [an injunction], (3) whether the issuance of the [injunction] will substantially injure the other parties

interested in the proceeding, and (4) where the public interest lies." *Robinson v Attorney General*, 957 F.3d 1171, 1176-77 (11th Cir. 2020) (quoting *Democratic Exec. Committee of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019)). The likelihood of success on the merits and the threat of irreparable injury "are the most critical" factors. *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Here, the likelihood of success on the merits is miniscule at best, and the threat of irreparable harm is speculative. As to the merits, the undersigned dissolved the TRO on finding that the LMA failed to demonstrate an injury for purposes of establishing Article III standing and failed to state a claim and also that amendment to add Wesley Odom was futile. Nothing suggests to this Court that LMA is likely to prevail on appeal. Regarding injury, in the absence of an injury that would satisfy Article III standing, there can be no credible threat of irreparable injury. The declaration of Wesley Odom attached to the pending emergency motion does nothing to further LMA's argument. He states that he will suffer "irreparable economic injury" if the cenotaph is removed because his property value will fall and his local tour business featuring the historic monument may suffer economically. The law is clear, however, that "economic injury" is not irreparable. *See Snook v. Tr. Co. of Ga. Bank of Savannah*, 909 F.2d 480, 487 (11th Cir. 1990) ("Mere injuries, however substantial, in terms of money, . . . are not enough [to constitute irreparable injury]." (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (alterations in

original)).  Moreover, LMA's fear of injury to the monument itself remains speculative.  The City did not vote to destroy the cenotaph but to move it.

LMA also argues that an injunction to prevent removal of the cenotaph will not injure the City and is in the public interest.  The Court disagrees with this assessment.  Because the cenotaph is City property, the Court's interference with any action by the City is not warranted and would act as a burden on the City's right to do as it pleases with City property.  But, even assuming there would be no injury to the City, the City Council's vote to remove the cenotaph demonstrates where the public interest lies.  The current status quo is evidenced by the City's decision to remove or relocate its property, and the undersigned finds no cause to justify interference with that purely legislative decision.  The balance of relevant factors weighs in favor of denying the motion.

Accordingly, Plaintiffs' Emergency Motion for Order Restoring Injunction While Appeal is Pending, ECF No. 32, is **DENIED**.

**DONE AND ORDERED** this 26th day of October 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:20cv5681-MCR-EMT