UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LADIES MEMORIAL
ASSOCIATION INC., et al.,
    Plaintiffs,

v.                                                     Case No.:  3:20cv5681/MCR/ZCB

CITY OF PENSACOLA, FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on an Application for Attorneys' Fees filed by Plaintiffs under 28 U.S.C. § 1447(c). The application was filed in the Eleventh Circuit and then transferred here. (Doc. 60). Plaintiffs argue attorneys' fees are warranted because Defendants' removal of this action to federal court was objectively unreasonable. Defendants say otherwise. After considering the briefs and the oral arguments presented on January 6, 2023, the Court agrees with Defendants. For the reasons below, Plaintiffs' application should be denied.

### I. Background

Plaintiffs filed this case in Florida state court on July 14, 2020. (Doc. 1-1). The complaint alleged Defendants violated various state and federal laws by deciding to remove a Confederate monument from a city park in Pensacola, Florida. (*Id.*). Defendants removed the case to this Court on July 27, 2020, based on federal

1

question jurisdiction under 28 U.S.C. §§ 1331 and 1441. (Doc. 1 at 1).

Three days post-removal, Defendants sought dismissal on two grounds. (Doc. 7). First, they argued that Plaintiffs lacked Article III standing. (*Id*. at 14-23). Second, they argued that the complaint failed to state a claim upon which relief could be granted. (*Id*. at 23-39). Plaintiffs did not oppose the motion to dismiss on the merits. Instead, they filed a motion to remand. That motion claimed removal was improper because the State of Florida—a named Defendant—had not consented to removal. (Docs. 9, 10). The motion was denied. (Doc. 21). Plaintiffs also sought leave to file an amended complaint (Doc. 23), which was denied because of futility. (Doc 26 at 19). And the case was dismissed under Local Rule 7.1(H) because Plaintiffs failed to oppose the motion to dismiss. (Doc. 26 at 5, 19).

Plaintiffs appealed. (Docs. 31, 47). The Eleventh Circuit reversed. It held that the case should have been remanded to state court under 28 U.S.C. § 1447(c) because Plaintiffs lacked standing. *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 991 (11th Cir. 2022). Plaintiffs then filed the current application seeking $18,414.12 in attorneys' fees generated by their appeal. (Doc. 60 at 3-4). The Eleventh Circuit transferred the application to this Court.[1] (*Id*. at 2).

---

[1] In the same order, the Eleventh Circuit awarded Plaintiffs $992.10 in costs under Fed. R. App. P. 39. (Doc. 60 at 2).

Defendants have opposed the application on three grounds. First, they claim the application was untimely filed. Second, they claim the application lacks merit because Defendants had an objectively reasonable basis to remove. Third, they argue that—if attorneys' fees are awarded—the amount sought by Plaintiffs is unreasonable.[2]

## II. Discussion

### A. Plaintiffs' application should not be denied as untimely.

Defendants claim the application for attorneys' fees was untimely. Because the application was initially submitted to the Eleventh Circuit, the Court will apply the Eleventh Circuit Rules to resolve the timeliness issue.[3] Those rules say that applications for attorneys' fees should be made within fourteen days after the time to seek rehearing has expired. 11th Cir. R. 39-2. A party must seek rehearing within

---

[2] Plaintiffs subsequently submitted a reply, in which they agreed to reduce the fees sought to $16,984.90. (Doc. 64 at 3).

[3] Plaintiffs filed their application in the Eleventh Circuit, and that court would be governed by the Eleventh Circuit Rules and the Federal Rules of Appellate Procedure. The Eleventh Circuit then transferred the case to this Court. Generally, the Eleventh Circuit Rules and the Federal Rules of Appellate Procedure do not govern the actions of U.S. District Courts. But because Plaintiffs filed this application in the Eleventh Circuit, the Court believes the timeliness issue should be analyzed under those rules. *See generally Bamberger Rosenheim, Ltd. v. OA Dev., Inc.*, No. 1:15cv4460, 2018 WL 6137615, at *6 (N.D. Ga. Aug. 23, 2018) (applying the Eleventh Circuit Rules to resolve an application for attorneys' fees that was originally filed in the Eleventh Circuit and then transferred to the district court). And neither of the parties have suggested that another set of rules should apply to the question of timeliness.

twenty-one days after the entry of judgment. 11th Cir. R. 40-3.

The Eleventh Circuit entered its judgment on May 16, 2022. So, Plaintiffs had until June 20, 2022, to seek attorneys' fees under 11th Cir. R. 39-2. Plaintiffs' application was filed on June 21, 2022. Thus, Defendants argue the application was untimely. Plaintiffs argue in response that an error in the Memorandum to Counsel or Parties that accompanied the Eleventh Circuit's opinion created confusion about who could seek costs. The initial memorandum stated that costs[4] were "taxed against appellants [i.e., Plaintiffs]." (Eleventh Cir. Doc. 75-3). The Eleventh Circuit later issued a corrected memorandum stating that costs were "taxed against appellees [i.e., Defendants]." (Eleventh Cir. Docs. 75-2, 78, 80). From the Eleventh Circuit's docket, it appears the corrected memorandum was issued on June 10, 2022. (Eleventh Cir. Doc. 78).[5]

Plaintiffs argue that the erroneous issuance of the initial memorandum and its replacement by the corrected memorandum caused confusion as to whether they

---

[4] The costs referred to in the Memorandum are those under Fed. R. App. P. 39, which are separate and apart from attorneys' fees that may be recovered under 28 U.S.C. § 1447(c). *See Robinson v. Kimbrough*, 652 F.2d 458, 463 (5th Cir. 1981) (explaining that Rule 39 "the statutory authority for the order on costs, refers only to the usual costs of appeal"); *see also Family PAC v. Ferguson*, 745 F.3d 1261, 1266 (9th Cir. 2014) (recognizing that the drafters of the Federal Rules of Appellate Procedure "intended 'costs' under Rule 39 to refer narrowly to administrative costs, not to attorneys' fees").

[5] Plaintiffs say it was corrected on June 8, 2022, but the docket states that the Memorandum was "edited 6/10/2022." (Eleventh Cir. Doc. 78). It does not ultimately matter which date is correct.

could seek attorneys' fees and when such a fee application would be due. Plaintiffs claim that the initial memorandum led them to believe that they could not seek fees or costs. The Court can understand the potential confusion. Thus, the Court believes Plaintiffs have established good cause to excuse the untimeliness of their application. *See* Fed. R. App. 2 (stating that upon a showing of "good cause" the court may "suspend any provision of these rules in a particular case"); *see also* 11th Cir. R. 2-1 (authorizing the court to "take such other or different action as it deems appropriate"); Fed. R. Civ. P. 6(b)(1)(B) (authorizing a court to extend a filing deadline "after the time has expired if the party failed to act because of excusable neglect"). Having rejected Defendants' bid to deny the application as untimely, the Court will proceed to the merits of the application.

### B. Defendants had an objectively reasonable basis for removal.

Consideration of the merits reveals that Plaintiffs are not entitled to attorneys' fees because Defendants' removal of this case was objectively reasonable. Plaintiffs submitted their application for fees under 28 U.S.C. § 1447(c). Section 1447(c) permits a court to order the payment of "just costs and any actual expenses, including attorney fees" when a case is improperly removed and subsequently remanded. 28 U.S.C. § 1447(c). The Supreme Court has held that in the absence of unusual circumstances, a court "may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

5

Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). A district court has discretion when determining whether there was an objectively reasonable basis for removal. *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021).

So, the question before the Court is—was Defendants removal of this case objectively reasonable? Yes, say Defendants because there were federal claims on the face of the complaint that provided federal question jurisdiction under 28 U.S.C. § 1331. No, say Plaintiffs because Defendants removed and then sought dismissal based on a lack of standing, which demonstrated that the action should have remained in state court.

Defendants have the better argument. To see why, let's start by looking at when removal is authorized. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That category of original jurisdiction—known as federal question jurisdiction—exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

6

392 (1987). This rule is called the well-pleaded complaint rule, and it "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Thus, if a plaintiff only brings "state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

Because an action can only be removed if it could have been filed in federal court originally, the Court "must look to plaintiff's claim[s] to determine whether removal was appropriate." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). And given the well-pleaded complaint rule, removal is appropriate if the plaintiff "alleged violations of federal law" on the face of the complaint. *Liebman v. Deutsche Bank Nat. Tr. Co.*, 462 F. App'x 876, 878 (11th Cir. 2012). If the complaint contains "even one federal claim[,]" then the defendant has "the right to remove the entire case to federal court." *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (internal quotations omitted); *see also Lepucki v. Van Wormer*, 765 F.2d 86, 89 (7th Cir. 1985) (explaining that "where a defendant can properly remove one count in a complaint, he or she can remove the entire action, including pendent state law claims").

Turning now to the facts of this case, Plaintiffs filed a complaint in state court that alleged violations of federal law. More specifically, Counts Six and Nine

alleged that Defendants violated a federal statute—the National Historical Preservation Act, 16 U.S.C. § 470a. (Doc. 1-1 at 11, 13). And Count Seven alleged that Defendants violated (1) the right to "freedom of speech" under the "United States Constitution," (2) due process under the "5th Amendment to the U.S. Constitution," (3) "Civil Rights Under 42 U.S.C. § 1983," and (4) "Equal Protection Under the 14th Amendment to the U.S. Constitution." (*Id*. at 12).

Because Plaintiffs' state court complaint contained federal claims, it was subject to removal under 28 U.S.C. §§ 1441 and 1331.[6] If Plaintiffs wanted to keep this case in state court, then they should have pleaded only state law claims. *See Caterpillar Inc.*, 482 U.S. at 399 (explaining that a "plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court"). But they didn't. Plaintiffs—by choosing to assert federal claims in the complaint—cleared a path to federal court. It was objectively reasonable for Defendants to walk the case down that path.

Plaintiffs resist that conclusion by arguing that removal was objectively unreasonable because Defendants moved to dismiss for lack of standing shortly after removing. Plaintiffs' counsel repeatedly argued at the hearing that Defendants removed the case because they feared a contempt motion that had been filed in state

---

[6] Lest there be any doubt, the Eleventh Circuit's opinion expressly recognized that Plaintiffs' complaint "put forth a variety of federal claims." *Ladies Mem'l Ass'n, Inc.*, 34 F.4th at 992.

8

court. As Plaintiffs see things, it was objectively unreasonable to pull the case into federal court only to turn around and argue Plaintiffs' lacked standing. Plaintiffs' argument has some surface appeal, but it crumbles on closer inspection.

First, Defendants' subjective motivation for removing the case is irrelevant. When "determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant." *Convent Corp.*, 784 F.3d at 483 (cleaned up). What matters is "the objective merits of removal at the time of removal." *Id.*; *see also Diaz v. Cameron Cnty. Texas*, 300 F. App'x 280, 282 (5th Cir. 2008) ("We look only to the objective merits of removal at the time of removal; we do not consider the defendants' motives."). Thus, it does not matter whether Defendants decided to remove because they thought a federal forum would be more favorable. It does not matter whether Defendants decided to remove because of a pending contempt motion. What matters is that there was an objectively reasonable basis—as opposed to a subjectively pure motive—for the removal. And there was in this case because Plaintiff's complaint raised federal claims.

Second, there was nothing objectively unreasonable about the strategy employed by Defendants in this case. Although Defendants clearly believed they had a strong argument that Plaintiffs lacked standing for all but one of their federal claims, that belief did not foreclose Defendants from removing the action. Attorneys

9

are not required to forego removal (something that must occur relatively fast under 28 U.S.C. § 1446(b)) simply because they *think* they *might* have a meritorious standing argument. Nothing in the law requires that type of self-censoring of arguments by attorneys. For good reason. It is the job of attorneys to make arguments, and it is the job of judges to decide if the arguments are winners or losers. To hold that Defendants' removal was objectively unreasonable would be to tell defense attorneys that they must leave a removable case in state court if they think a federal court might find the plaintiff lacks standing. That cannot be right.[7]

Moreover, Defendants did not seek dismissal based on standing alone. Their motion argued that dismissal was also warranted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Indeed, Defendants spent approximately sixteen pages of their motion to dismiss explaining why Plaintiffs' claims lacked merit. (Doc. 7 at 23-39). *See, e.g.*, *Detter v. KeyBank N.A.*, No. 16-00498, 2016 WL 7242556, at *2 (W.D. Mo. Dec. 13, 2016) (finding the defendant's removal was objectively reasonable despite moving to dismiss for lack of standing and pointing out that the defendant's argued dismissal was also warranted because the complaint failed to state a claim). As Defendants' counsel explained at the hearing, they wanted their

---

[7] It should be noted that Defendants admitted Plaintiffs had standing for at least one of their federal claims. (*See* Doc. 7 at 18) (stating that "as to all federal claims other than Count Six, the Plaintiffs do not…have standing"). It should also be noted that at no point did Plaintiffs concede that they lacked standing. *See Ladies Mem'l Ass'n*, 34 F.4th at 993 n.8 (discussing Plaintiffs' efforts to establish that they had standing).

federal law arguments heard in federal court. That was not an unreasonable strategy.

Other courts have said the same thing in analogous circumstances. Take for example, the Eastern District of Virginia's decision in *Bailey v. Spangler*, No. 3:14cv556, 2015 WL 5818215 (E.D. Va. Oct. 5, 2015). Shortly after removing the case from state court, the defendant there moved to dismiss on standing grounds. *Id*. at *2-3. The district court remanded the matter after finding a lack of standing. *Id*. at *4. The plaintiff argued removal was objectively unreasonable and sought fees under 28 U.S.C. § 1447(c). *Id*. at *3.

Refusing to award fees, the *Bailey* court explained that removal was objectively reasonable because there were "explicit references to federal law on the face of [the plaintiff's] complaint." *Id*. at *2. As for the argument that it was unreasonable for the defendant to remove and then seek dismissal for lack of standing, the court stated: "This argument fails because the removal in this case was justified by federal question jurisdiction. Standing, albeit jurisdictional, is an entirely different proposition. It is both *common* and *objectively reasonable* to ask a federal court to resolve the issue of standing following removal." *Id*. at *3 (emphases added); *see also Diaz*, 300 F. App'x at 282 (holding that it was objectively reasonable for a defendant to remove a case and "[a] few days later" move to dismiss for lack of subject matter jurisdiction); *Detter*, 2016 WL 7242556, at *2 (finding it was objectively reasonable for a defendant to remove a case and

11

then argue that the plaintiff's lacked standing); *Kenn v. Eascare, LLC*, 483 F. Supp. 3d 26, 37 (D. Mass. 2020) (same); *Johnson v. Sonic Corp.*, No. 20-1240, 2020 WL 7643497, at *2 (D. Kan. Dec. 23, 2020) (same).[8]

Although the Eleventh Circuit has not considered the precise issue raised in this case, it addressed a similar one in *Bauknight v. Monroe Cnty.*, 446 F.3d 1327 (11th Cir. 2006). There, the plaintiffs filed a state court complaint alleging an unconstitutional taking under the Fifth Amendment. *Id*. at 1328. The defendants removed based on federal question jurisdiction. *Id*. Next, the plaintiffs moved to remand, arguing that the federal claim was not ripe. *Id*. The district court agreed, remanded the matter for lack of jurisdiction, and denied attorneys' fees under § 1447(c) because the removal was objectively reasonable. *Id*. The plaintiff appealed, and the Eleventh Circuit affirmed. *Id*. at 1332. The *Bauknight* court recognized that "[r]ipeness is an issue of subject matter jurisdiction," but it held that removal was nonetheless objectively reasonable because the plaintiffs "included a federal question in their state court complaint and did not affirmatively plead that it was not ripe for adjudication." *Id*. at 1331.

---

[8] The Court is aware of two cases—both from the same district—that have gone the other way. *See Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016) (finding that it was objectively unreasonable for the defendant to remove and then immediately seek dismissal based on a lack of standing); *see also Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 840 n.2 (N.D. Ill. 2017) (same). The Court does not find those opinions persuasive.

12

Consistent with the case law above, the Court finds that it was objectively reasonable for Defendants to remove even though they subsequently argued Plaintiffs lacked standing. When Defendants removed the case, there was federal question jurisdiction because there were federal claims presented on the face of the well-pleaded complaint. Those "constitutional[,] [federal statutory] and § 1983 claims provided an objectively reasonable basis for seeking removal." *Diaz*, 300 F. App'x at 282 (internal quotations omitted). Although the Eleventh Circuit "ultimately concluded that remand was appropriate based on Plaintiffs' lack of standing, it was not entirely unreasonable [for Defendants] to think that removal to a federal court was proper" when the complaint raised federal claims. *Johnson*, 2020 WL 7643497, at *2. Given that standing and ripeness are closely related justiciability doctrines, it stands to reason that if it was objectively reasonable for the defendants to remove in *Bauknight* when there was a ripeness issue, then it was objectively reasonable for Defendants to remove here when there was a standing issue. After all, in both situations justiciability problems led to remands under § 1447(c) because the district courts lacked subject matter jurisdiction.

One final point. Plaintiffs never moved to remand on the basis that their lack of standing made removal improper. They sought remand on another basis—but not this one. It would be odd to award attorneys' fees to Plaintiffs because Defendants' removal decision was so wrong that it could be called "objectively unreasonable"

13

when Plaintiffs never saw fit to seek remand on that basis. *See, e.g.*, *Convent Corp.*, 784 F.3d at 484 (finding that removal was objectively reasonable and pointing out that the plaintiff's "failure to seek remand further supports the district court's denial of fees under § 1447(c)"). It must be remembered that 28 U.S.C. § 1447(c) authorizes courts to award attorneys' fees "only when such an award is just." *Martin*, 546 U.S. at 134. Under the circumstances here, awarding attorneys' fees to Plaintiffs would not be "just." Plaintiffs' application should be denied.

### III. Conclusion

For the reasons above, the undersigned respectfully **RECOMMENDS** that Plaintiffs' Application for Attorneys' Fees (Doc. 60) be **DENIED**.

At Pensacola, Florida, this 20th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**